UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FRANS NOOREN AFDICHINGSSYTEMEN B.V. and STOPAQ B.V.,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **Civil Action No.: 4:10-cv-3150** |
| **STOPAQ AMCORR INC. d/b/a AMCORR PRODUCTS AND SERVICES AND DOLPHIN SEALANTS, LLC** | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Frans Nooren Afdichingssytemen B.V. and Stopaq B.V. hereby bring this action against Stopaq Amcorr Inc. d/b/a Amcorr Products and Services and against Dolphin Sealants, LLC, based upon actual knowledge as to itself and its own actions, and upon information and belief as to all other persons and events, as follows:

## PARTIES

1.      Plaintiff Frans Nooren Afdichingssytemen B.V. ("Frans Nooren Afd") is a private company with limited liability organized under the laws of the Netherlands who maintains its principal place of business in Stadskanaal, Netherlands.

2.      Plaintiff Stopaq B.V. ("Stopaq") is a private company with limited liability organized under the laws of the Netherlands who maintains its principal place of business in Stadskanaal, Netherlands.  Stopaq's U.S. sales presence is located in Houston, Texas.

3.      Defendant Stopaq Amcorr Inc. ("Amcorr") is a corporation organized under the laws of the state of Texas who maintains its principal place of business at 8000 IH 10 West #600, San Antonio, Texas 78230.

1

4.      Defendant Dolphin Sealants, LLC ("Dolphin Sealants") is a limited liability company organized under the laws of the state of Texas who maintains its principal place of business at 8000 IH 10 West #600, San Antonio, Texas 78230.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the causes of action stated herein under 28 U.S.C. §§ 1331, 1338, 2201 and 2202, because this action concerns federal questions arising under the United States patent laws as well as the Lanham Act.

6.      Amcorr is subject to personal jurisdiction in this judicial district because Amcorr is a Texas corporation doing business in the state of Texas.  Dolphin Sealants is subject to personal jurisdiction in this judicial district because Dolphin Sealants is a Texas Limited Liability Company doing business in the state of Texas.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Amcorr and Dolphin Sealants have engaged in significant activity in this district and are subject to personal jurisdiction in this judicial district.  Further, Stopaq's intended product market includes customers and potential customers in this district and throughout the Gulf Coast oil and gas industry.

## FACTUAL BACKGROUND

8.      Frans Nooren Afd is a private company which owns intellectual property exclusively licensed to and used by Stopaq.

9.      Stopaq designs and manufactures visco-elastic coatings and sealants that are used in many versatile applications in various locations and climates, including pipelines, subsea piles, rail, and cable joints. Stopaq's products and solutions have been used worldwide for waterproofing, insulation, rehabilitation, and construction, among other things.

10.     Frans Nooren Afd is the owner-by-assignment of the federally registered trademark "STOPAQ."  A true and correct copy of the United States Patent and Trademark Office ("USPTO") Certificate of Registration No. 2,468,282 is attached and incorporated to this Complaint as Exhibit 1.

11.     A true and correct copy of the USPTO Notice of Recordation of Assignment Document for the STOPAQ trademark is attached and incorporated in this Complaint as Exhibit 2.

12.     This registration is valid, subsisting, and in full force and effect.

13.     Frans Nooren Afd is the owner by assignment of U.S. Patent No. 5,898,044 ("the '044 Patent"), which is entitled "Use Of A Preparation For Insulation/Sealing And Coating Purposes And Method For Sealing Manhole Covers," and which issued April 27, 1999.  A true and correct copy of the '044 Patent is attached hereto as Exhibit 3.

14.     Stopaq is the exclusive licensee of both the "STOPAQ" trademark and the '044 Patent.

15.     On information and belief, Amcorr engages in the business of selling products for corrosion protection and waterproofing, among other things.

16.     On information and belief, Dolphin Sealants engages in the business of selling products for corrosion protection and waterproofing, among other things.

17.     Stopaq was established in the Netherlands in approximately 1988 by Frans Nooren.  Mr. Nooren invented and developed certain technology for sealing leaks and protecting assets from corrosion.  Stopaq's intellectual property and product portfolio grew as the company established itself as a respected company in the industry.

18.     In or around 2000, Amcorr was granted the exclusive right to serve as Stopaq's

U.S. distributor.

19.     Stopaq and Frans Nooren Afd permitted Amcorr to use the STOPAQ trademark only to facilitate Amcorr's marketing of legitimate Stopaq products manufactured by Stopaq.

20.     On or about September 2006, Stopaq terminated the exclusivity but allowed Amcorr to continue to market and sell products manufactured by Stopaq under the Stopaq name.

21.     On information and belief, after September 1, 2006, Amcorr continued to keep its status as a Texas corporation but began conducting business under the name "Amcorr Products and Services."

22.     On or about July 2008, Stopaq stopped selling and delivering its Stopaq products to Amcorr.

23.     Stopaq discovered that Amcorr was marketing a competing "Viscotaq" line of products on Amcorr's website.

24.     On information and belief, Amcorr sold Viscotaq in the market place while the product was marked "manufactured by Stopaq."  On information and belief, Viscotaq was marked, and continues to be marked, with the same product article numbers as Stopaq's Wrappingband CHZ HT, as previously sold by Amcorr.

25.     Stopaq also learned that Dolphin Sealants was marketing a "Hippo Patch" line of products.  On information and belief, Dolphin Sealants has sold privately labeled products manufactured from Stopaq compounds.

26.     Each act done by Amcorr was done with actual knowledge that its use of the plaintiff's protected mark was intended to cause confusion, mistake or to deceive.

27.     Amcorr has failed to clearly designate Amcorr as a separate entity distinct from Stopaq.  Amcorr has performed acts that have either already resulted in confusion or are likely to

confuse consumers and businesses dealing with Amcorr.  Stopaq and Frans Nooren have requested that Amcorr stop using any STOPAQ protected technology and/or mark in such a way as to create confusion, but Amcorr continues its conduct.

28.     On May 21, 2010, Plaintiffs sent a letter to Amcorr and Dolphin Sealants requesting that they cease their infringement of the '044 Patent and the STOPAQ protected mark.

29.     Amcorr and Dolphin Sealants jointly responded to Plaintiffs in a letter dated June 11, 2010, and stated that Amcorr and Dolphin Sealants were not aware of any unauthorized use of the STOPAQ protected mark.

30.     In a letter to Amcorr and Dolphin Sealants dated August 23, 2010, Plaintiffs sent screenshots of an Amcorr data sheet bearing the STOPAQ protected mark.  A copy of the August 23, 2010, letter and screenshots are attached hereto as Exhibit 4.

31.     On August 24, 2010, Amcorr and Dolphin Sealants, together with Amcorr's purported shareholder Kleiss & Co. b.v., (collectively, the "Dutch action plaintiffs") filed an action against Frans Nooren Afd and Stopaq in the Hague District Court in the Hague, Netherlands seeking, among other relief, an anti-suit injunction banning Frans Nooren Afd and Stopaq from litigating in the United States or anywhere else against any of the Dutch action plaintiffs for the infringement of the '044 Patent.  Even though Stopaq had not threatened any of the Dutch action plaintiffs with infringement of European Patent No. 0751196 and had not threatened Kleiss in any manner, the Dutch action plaintiffs are seeking a declaration that their products do not infringe the '044 Patent as well as European Patent No. 0751196.   A copy of the Dutch action plaintiffs' complaint (in Dutch) is attached hereto as Exhibit 5 with an informal English translation.

32.     A U.S. district court, not a court of the Netherlands, is the appropriate forum for the resolution of a dispute concerning infringement activities occurring in the U.S. with respect to a U.S. patent.

## COUNT I:  INFRINGEMENT OF THE '044 PATENT

33.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 32 above, as if fully set forth herein.

34.     Amcorr and Dolphin Sealants have infringed and are continuing to infringe the '044 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '044 Patent.

35.     Furthermore, Amcorr and Dolphin Sealants have induced infringement of the '044 Patent and/or have committed acts of contributory infringement of the '044 Patent.

36.     The activities of Amcorr and Dolphin Sealants have been without express or implied license from Stopaq or Frans Nooren Afd.

37.     Amcorr and Dolphin Sealants will continue to infringe the '044 Patent unless enjoined by this Court.  As a result of the infringing conduct of Amcorr and Dolphin Sealants, Stopaq and Frans Nooren Afd have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.

38.     Stopaq and Frans Nooren Afd are entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

39.     As a result of the infringement of the '044 Patent, Stopaq and Frans Nooren Afd have been damaged, will be further damaged, and are entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

## COUNT II: VIOLATION OF LANHAM ACT

40.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 39 above, as if fully set forth herein.

41.     Amcorr's acts constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, as they have used the STOPAQ registered trademark in connection with the sale and/or offer for sale of Amcorr's own purported products that are not Stopaq's products. They have used the STOPAQ trademark without consent.  They have used the trademark in a manner that has actually confused or is likely to confuse prospective customers as well as the general public.

42.     Amcorr's acts constitute false designation under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), as they have used the STOPAQ trademark in connection with Amcorr's own purported goods and services.  They have done so in a false and misleading manner that is likely to confuse prospective customers of any affiliations between Stopaq's products and Amcorr's own purported products and services.

43.     Amcorr will continue to infringe the STOPAQ mark unless enjoined by this Court.  As a result of Amcorr's conduct, Stopaq and Frans Nooren Afd have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.

44.     Stopaq and Frans Nooren Afd are entitled to preliminary and permanent injunctive relief against such infringement, under 15 U.S.C. § 1116.

## PRAYER FOR RELIEF

WHEREFORE, Frans Nooren Afd and Stopaq seek judgment in their favor as follows:

(a)     An order enjoining Amcorr and Dolphin Sealants, its directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in

active concert or participation with any of them, from pursuing their application for an anti-suit injunction which it filed in the Hague District Court, on August 24, 2010, or from filing any other such application the Netherlands or in any other country, individually or together with any other entity, relating to U.S. Patent No. 5,898,044 and ordering Amcorr and Dolphin Sealants to withdraw their pending application for an anti-suit injunction from the Hague District Court;

(b)     A judgment that Amcorr and Dolphin Sealants have infringed the '044 Patent;

(c)     A judgment and order restraining and enjoining Amcorr and Dolphin Sealants, its directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the '044 Patent;

(d)     A judgment and order restraining and enjoining Amcorr, its directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringement of, dilution of, or false designation with the STOPAQ trademark;

(e)     A judgment and order requiring Amcorr and Dolphin Sealants to pay damages to Frans Nooren Afd and Stopaq adequate to compensate it for the wrongful and infringing acts of Amcorr and Dolphin Sealants, in accordance with 35 U.S.C. § 284, 15 U.S.C. § 1114, and as otherwise provided by law;

(f)     A judgment and order requiring Amcorr and Dolphin Sealants to pay increased damages up to three times, in view of their willful and deliberate infringement of the '044 Patent;

(g)     A judgment and order requiring Amcorr and Dolphin Sealants to pay exemplary damages;

(h)     An order awarding Frans Nooren Afd and Stopaq its costs, expenses and

reasonable attorney fees to the maximum extent provided by law; and

      (i)     An award of any other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs demand trial by jury on all issues triable by a jury in this case.

Dated: August 31, 2010

                                     Respectfully submitted,

                                     /s/ Gregory L. Porter

                                     Gregory L. Porter
                                     Attorney-in-Charge
                                     Texas Bar No. 24002784
                                     S.D. Texas Bar No. 34185
                                     glporter@jonesday.com

                                     H. Albert Liou
                                     Texas Bar No. 24061608
                                     S.D. Texas Bar No. 975156
                                     aliou@jonesday.com

                                     JONES DAY
                                     717 Texas Ave., Suite 3300
                                     Houston, TX 77002
                                     Telephone:    (832) 239-3939
                                     Fax:         (832) 239-3600

                                     ATTORNEYS FOR PLAINTIFFS
                                     FRANS NOOREN
                                     AFDICHINGSSYTEMEN B.V. AND
                                     STOPAQ B.V.